IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, ) | |
| d/b/a MR. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:18-cv-457-WKW-GMB |
| ) | [WO] |
| ) | |
| GASTON DILLON and ) | |
| LESIA H. DILLON, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 3, 2018, Defendants Gaston Dillon and Lesia Dillon removed this action from the Circuit Court of Russell County, Alabama. Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 7. For the reasons stated herein, the Magistrate Judge VACATES its previous Report and Recommendation (Doc. 22) and RECOMMENDS that the action be REMANDED to the Circuit Court of Russell County.

**I. PROCEDURAL BACKGROUND**

In its state-court complaint, Plaintiff Nationstar Mortgage LLC, doing business as Mr. Cooper, claimed to be a corporation. Doc. 1-1 at 1. Defendants removed this action, alleging that jurisdiction is predicated on diversity because Defendants are citizens of Alabama and Plaintiff is a corporation registered in Texas. Doc. 1 at 1. But Plaintiff's

name suggests that it is an "LCC," the common abbreviation for a limited liability company.  Consequently, the court ordered Defendants to identify the name and citizenship of each of Plaintiff's members. Doc. 7.  Defendants' response, which proposed that Plaintiff was a Delaware corporation, failed to shed any light on the basis for federal jurisdiction. Doc. 10.  Accordingly, the court again ordered Defendants to identify the name and citizenship of each of Plaintiff's members. Doc. 11.

Defendants did not file a response.  The court directed Defendants to respond to its previous order (Doc. 11), and cautioned them that a failure to comply might result in recommendation of remand. Doc. 12.  Although Defendants timely responded, their response did not establish federal jurisdiction as they again alleged that Plaintiff is a corporation. Doc. 13.  Defendants also identified the residences of some Plaintiff's employees. Doc. 13.  Rather than recommending a remand at this time, the court allowed the parties to conduct jurisdictional discovery and instructed Defendants to identify Plaintiff's corporate form and to allege the prerequisites for diversity jurisdiction no later than October 15, 2018. Doc. 14.

Defendants did not respond by October 15, so the court ordered Defendants to show cause as to why this matter should not be remanded to the state courts. Doc. 19.  Due to a clerical error, the court did not receive Defendants' show cause response, and recommended that the case be remanded. Doc. 22.  Defendants then filed an objection to the recommendation, explaining that they had timely filed their response to the show cause order. Doc. 24.  Because it was predicated on Defendants' failure to respond to the show cause order and the court is satisfied that Defendants made a good faith attempt to respond,

the court's previous report and recommendation (Doc. 22) is hereby VACATED.

However, Defendants' objection fails to identify Plaintiff's corporate form or to establish diversity jurisdiction even though it provides new information about Plaintiff. Doc. 24.  Because Defendants still have not established diversity of citizenship, the court RECOMMENDS that this matter be REMANDED.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, the courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006).  And because removal implicates federalism concerns, the court must construe the removal statutes narrowly and resolve all doubts in favor of remand. *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).  "It is in everyone's best interest, both the litigants' and the courts,' to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332.  A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *Id.*  But a "limited liability company is a citizen of any state of which a member of the company is a citizen."

3

*Rolling Greens MHP*, 374 F.3d at 1022.  "[W]hen a limited liability company consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the entity before the court." *RES-GA Creekside Manor, LLC v. Start Home Builders, Inc.*, 2011 WL 6019904, at *3 (S.D. Ga. 2011) (quoting *Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC*, 2010 WL 3632359 (S.D. Colo. 2010)).  While the Supreme Court has not expressly defined the term "member" it has "equated an association's members with its owners or the several persons composing such association." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

In June 2018, Defendants submitted Plaintiff's Assumed Name Certificate (Doc. 10-1), and alleged that the Certificate implied that Plaintiff is a Delaware corporation with its principal place of business in Texas. Doc. 10 at 1.  If Plaintiff is indeed a Delaware corporation with its principal place of business in Texas, then diversity of citizenship exists because Defendants are citizens of Alabama.  But the Assumed Name Certificate does not support Defendants' allegations.  The certificate demonstrates instead that Plaintiff is an LLC formed in Delaware that has its principal office in Texas. Doc. 10-1 at 2.

Because Defendants have yet to establish the citizenship of Plaintiff's members, the court cannot determine whether federal diversity jurisdiction exists.  In their objection, Defendants allege that Plaintiff is owned by two subsidiary companies—Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Doc. 24 at 1.  Defendants also provided Plaintiff's 2017 tax information report, listing Karrie Cooper, Mary Spradlin, and Richard

4

Spradlin as members of Mr. Cooper. Doc. 23-1. Assuming Plaintiff's members are Sub1, Sub2, Karrie Cooper, Mary Spradlin, and Richard Spradlin, Defendants must allege the citizenship of each of these entities or individuals. To determine the citizenship of members Sub1 and Sub2, Defendants must establish the citizenship of the members of each subsidiary LLC. Defendants contend that Sub1 and Sub1 are both owned by Nationstar Mortgage Holdings Inc. Doc. 24 at 1. But, as discussed above, a corporation is a citizen in its state of incorporation and its principal place of business. *See Rolling Greens MHP*, 374 F.3d at 1021 n.1 ("Rather than taking the citizenship of their members, corporations are citizens in the states of their incorporation and their principal place of business."). Defendants have alleged that Nationstar Mortgage Holdings is a Delaware corporation (Doc. 24 at 1), but they have not alleged the corporation's principal place of business. Accordingly, the court is unable to determine the citizenship of Sub1 and Sub2, and thus unable to determine the citizenship of Plaintiff's members.

Despite numerous opportunities for Defendants to establish diversity jurisdiction, the record before the court does not reflect that the prerequisites for federal jurisdiction are met. Defendants removed this case almost seven months ago, were given the chance to conduct jurisdictional discovery, and have attempted to allege jurisdiction four separate times. They still have not satisfied their burden of establishing this court's jurisdiction. Accordingly, the only appropriate course of action to remand this case to a court of competent jurisdiction.[1]

---

[1] The court also notes that, in a case based on diversity jurisdiction, a party is not permitted to remove a civil action to federal court if that party is a citizen of the state in which the action is brought. 28 U.S.C.

## III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that this matter be REMANDED to the Circuit Court of Russell County.

It is further ORDERED that Defendants Gaston Dillon and Lesia Dillon are DIRECTED to file any objections to the report and recommendation **no later than December 28, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. Defendants are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the parties from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the parties from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

---

§ 1441(b)(2). In other words, defendants who are citizens of the State of Alabama may not remove a civil action to an Alabama federal court when jurisdiction is predicated on diversity. Section 1441(b)(2) has been interpreted as a waivable, procedural requirement that will not deprive the federal court of subject matter jurisdiction, *Courtney v. BLP Mobile Paint Mfg. Co., Inc.*, 2012 WL 5869120, *1–2 (11th Cir. 2012), and it has not been timely raised in this action.

DONE on the 13th day of December, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE