IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

NATIONSTAR MORTGAGE )
LLC, d/b/a Mr. Cooper, )
)
    Plaintiff, )
)
v. ) CASE NO. 3:18-CV-457-WKW
)
GASTON DILLON and )
LESIA H. DILLON, )
)
    Defendants. )

## **ORDER**

Defendants, who removed this action based upon diversity jurisdiction, *see* 28 U.S.C. §§ 1332(a), 1446(b)(1), bear the burden of establishing federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (placing burden of establishing federal jurisdiction on the defendant seeking removal to federal court). After permitting Defendants to conduct jurisdictional discovery, the Magistrate Judge entered a Recommendation that the court remand this action to the Circuit Court of Russell County, Alabama, based on Defendants' failure to establish diversity of citizenship as required for removal jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a). (Doc. # 25.) Defendants, who are proceeding *pro se*, filed an objection to the Recommendation. (Doc. # 26.) Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made,

28 U.S.C. § 636(b), the court finds that the objection lacks merit and that the Recommendation is due to be adopted.

Defendants removed this action to federal court on May 5, 2018. More than eight months have passed since that date. Notwithstanding that the court has granted Defendants leave to conduct jurisdictional discovery and has given them multiple opportunities to ascertain the citizenship of Plaintiff, which they identify as a limited liability company ("LLC"), Defendants have yet to establish the citizenship of Plaintiff. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). For this reason, the Magistrate Judge recommends that this court remand this action back to state court.

Objecting to the recommendation, Defendants now provide additional information that they contend is relevant to the jurisdictional inquiry of Plaintiff's citizenship. They provide the addresses of two of Plaintiff's board members, but still Defendants do not identify whether these board members are members of the LLC, and they have yet to identify or allege the citizenship of all of Plaintiff's members. Defendants also complain that Plaintiff has not responded to their written interrogatories concerning Plaintiff's citizenship. At no time during the discovery period, which was open from August 16, 2018, to October 1, 2018, did Defendants file a motion to compel or otherwise notify the court about Plaintiff's alleged non-

compliance with discovery.  Defendants' assertion of Plaintiff's alleged discovery violation, lodged for the first time in their objection filed on December 28, 2018, comes much too late and rings hollow.  The time has come to remand this removed action.

Because Defendants have failed to establish complete diversity of citizenship, this action must be remanded.  Accordingly, it is ORDERED as follows:

(1) Defendants' objection (Doc. # 26) is OVERRULED;

(2) The Recommendation of the Magistrate Judge (Doc. # 25) is ADOPTED;

(3) This action is REMANDED to the Circuit Court of Russell County; and

(4) The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 9th day of January, 2019.

                              /s/ W. Keith Watkins
                       CHIEF UNITED STATES DISTRICT JUDGE